C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
 CHRISTOPHER X. BRODEUR, : **MEMORANDUM**
: **DECISION AND ORDER**
Petitioner, :
: 12 cv 5545 (BMC) (LB)
- against - :
:
WARDEN, ERIC M. TAYLOR CENTER, :
:
Respondent. :
-------------------------------------------------------------- X

**COGAN**, District Judge.

  I have construed the pleadings that petitioner *pro se* has filed as a petition for a writ of habeas corpus falling principally under 28 U.S.C. § 2241. The specific relief he is seeking is unclear. It may encompass either or both of the following: (1) dismissal of various misdemeanor charges filed against him in 2009, but which have not yet been brought to trial, on speedy trial or other constitutional grounds; (2) release or bail pending appeal of his conviction on other charges. His federal claims are unexhausted and his state claim is not cognizable on federal habeas corpus review, so his petition is denied.

## BACKGROUND

  Petitioner's initial criminal charges arose out of a real estate dispute that petitioner had with one Harry Stuckey over petitioner's attempt to take an assignment of or buy into a lease that Stuckey had for a building in Brooklyn. Petitioner was arrested for threatening Stuckey and charged in Kings County Criminal Court with Aggravated Harassment Second Degree; Stalking Fourth Degree; and Harassment Second Degree in February 2009 (the "February Charges").

(The Aggravated Harassment charge was subsequently reduced to Attempted Aggravated Harassment). The court issued an order of protection requiring petitioner to stay away from Stuckey, and set bail in the amount of $2500, which petitioner posted and obtained his release.

Petitioner was accused of continuing to harass Stuckey that summer and he was arrested again in late August or early September, 2009, and arraigned on new charges of Criminal Contempt Second Degree (presumably, for violating the order of protection); Aggravated Harassment Second Degree; and Harassment Second Degree (the "September Charges"). The court entered another order of protection, and released petitioner on his own recognizance.

In early October, petitioner moved to dismiss the February Charges on state and federal speedy trial grounds. That motion was denied in November, but days after he filed it, on October 10, petitioner had another encounter with Stuckey. Petitioner was arrested on December 4 as a result of this encounter, and charged with Criminal Contempt Second Degree (presumably, again, for violating the order of protection); Menacing Third Degree; and Harassment Second Degree (the "December Charges," and together with the February Charges and October Charges, the "2009 Charges"). He was released on his own recognizance. He moved to dismiss the December Charges in March, 2010 on state and federal speedy trial grounds; that motion was denied on May 20, 2010. It is convenient here to jump ahead a bit; petitioner later moved, on August 9, 2012, again on state and federal speedy trial grounds, to dismiss the September (2009) Charges, which was also denied on September 4, 2012.

Returning in our narrative to the timeline, petitioner was supposed to appear on his 2009 Charges on June 29, 2011. He could not get to Kings County Criminal Court, however, because he had been arrested on New York County charges in an unrelated case. He was ultimately produced in Kings County Criminal Court on July 8, 2011. The court discharged his $2500 bail

on the February Charges and set bail at $1 on each of the 2009 Charges. The case was scheduled for hearing on March 28, 2012.

Then things got worse.  Earlier, when the prosecutor was getting ready to try the February Charges, he had given a witness list to petitioner or his attorney.  Included on that list was one Rachel Trachtenburg, a performance artist.  On February 9, 2012, the prosecutor requested an order of protection, accusing petitioner of harassing her by email.  The court granted the request.  But on February 12, petitioner approached Trachtenburg again, harassing her by email.  Petitioner then failed to appear for his March 28, 2012 hearing date, and the court issued a bench warrant.  Petitioner was arrested on April 24, 2012, and the court increased bail on the 2009 Charges to $5000.

As a result of his emails to Trachtenburg, petitioner was arrested and arraigned on July 12, 2012 on three counts each of Criminal Contempt Second Degree and Aggravated Harassment Second Degree, and one count of Harassment Second Degree (the "2012 Charges").  He was convicted before a jury of all seven counts on November 9, 2012, and sentenced, on December 6, 2012, to consecutive sentences totaling three years.  His appeal is currently pending.

## DISCUSSION

There is a threshold issue as to whether petitioner's claims are properly cognizable under 28 U.S.C. § 2241 or should be characterized as falling under 28 U.S.C. § 2254.  Although, under Cook v. New York State Div. of Parole, 321 F.3d 274 (2d Cir. 2003), and James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002), state prisoners are generally relegated to §2254, there remains a narrow window for state prisoners under §2241 where their custody is not "pursuant to the judgment of a State court … ." 28 U.S.C. § 2254(a).  Here, although petitioner is in custody pursuant to a judgment of the state court – his conviction on the 2012 Charges –his petition for

3

relief is not challenging or arising from that conviction. For the most part, he appears to be challenging his continued detention on the 2009 Charges, for which there has been no judgment; indeed, the absence of a judgment is the essence of petitioner's complaint. Under these circumstances, the proper vehicle for challenging his detention is §2241. See Scranton v. New York, 532 F.2d 292, 293 (2d Cir. 1976); Marte v. Berkman, No. 11 civ 6082, 2011 WL 4946708 (S.D.N.Y. Oct. 11, 2011).

There is one possible exception to this. It may be – again, the petitioner's submissions are virtually indecipherable – that petitioner is seeking habeas corpus relief to fix bail pending the appeal of his conviction on the 2012 Charges.[1] That would properly be characterized as seeking relief under §2254. See Garson v. Perlman, 541 F. Supp. 2d 515 (E.D.N.Y. 2008) (analyzing habeas claim for bail pending appeal under §2254). Such characterization could, in turn, trigger the obligation to advise petitioner of the limitations on "second or successive" petitions under 28 U.S.C. §2244, and to provide him with the opportunity to withdraw his current petition to avoid the possible forfeiture of other claims that he might later seek to raise under §2254. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

However, to the extent that petitioner claims entitlement to bail pending appeal of his conviction on the 2012 Charges, the record demonstrates that he has not sought, let alone exhausted his avenues to seek, such relief in state court. See N.Y. Crim. Proc. L. §460.50. His failure to exhaust his state law remedies means that relief is unavailable to him under 28 U.S.C. § 2254, and requires dismissal of the petition without prejudice to presenting that claim, together

---

[1] I had previously recommended to petitioner that he make his submissions "short, concise, and unemotional, as the Court is having great difficulty understanding his prior submissions." Petitioner has ignored this recommendation, and his numerous subsequent submissions are just as hard or harder to decipher as his initial submissions. Based on the nature of his submissions, it does not appear that petitioner's problem is one of illiteracy, intellectual disability, or lack of legal sophistication, but, instead, his chosen method of self-expression. Even giving him the maximum indulgence accorded to *pro se* litigants, much of what he writes is simply impossible to understand.

4

with any other claims concerning his conviction on the 2012 Charges, once those claims are exhausted. See Garson (declining to consider bail pending appeal where state court procedures remained available). Because a dismissal for failure to exhaust is without prejudice, I need not give the "single petition" notice and opportunity to withdraw his petition required by Adams. See Slack v. McDaniel, 529 U.S. 473, 485-88 (2000) (habeas petition including new claims filed after dismissal of initial petition without prejudice for failure to exhaust remedies is not a "second or successive" petition for purposes of 28 U.S.C. § 2244); Hanton v. Lantz, No. 09 cv-744, 2010 WL 2232642 (D. Conn. May 27, 2010) (Adams notice need not be given where habeas claim, although arising under §2254, is dismissed for failure to exhaust).

Similarly, to the extent petitioner is seeking a reduction of his bail pending trial on the 2009 Charges, that claim, cognizable under §2241, is also unexhausted. Section 2241, unlike §2254, does not have an express exhaustion requirement, but the case law that has considered the issue in this Circuit is unanimous in holding that the exhaustion requirement applies equally to petitions under §2241. See e.g., Foster v. Murphy, 686 F.Supp. 471, 474 (S.D.N.Y. 1988) ("Construing their complaint as a petition for habeas corpus imposes a requirement that plaintiffs have exhausted their state remedies. This is so whether their petition is considered as brought under 28 U.S.C. § 2254, which imposes the exhaustion requirement by statute or under 28 U.S.C. § 2241, upon which courts have engrafted a requirement of exhaustion."). There are, again, procedures under state law of which petitioner may avail himself, see N.Y. Crim. Proc. Law §530.30; N.Y. C.P.L.R. Article 70, and he must utilize those procedures before he comes to this Court.[2]

---

[2] In his latest submission, petitioner asserts that he attempted to file a state habeas petition, but he could not because it has to be filed in the county in which he is detained. Petitioner says that is "impossible," but he does not say why. The mail is obviously delivered in all counties.

5

Next, to the extent petitioner is seeking immediate trial on the 2009 Charges on federal speedy trial or other constitutional grounds (his submissions are, again, unclear) upon penalty of dismissal, that relief is available under federal habeas corpus.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123 (1973).  However, that claim is also not exhausted.  There are similarities between this case and Scranton, where the petitioner sought relief under §2241dismissing the charges against her on speedy trial grounds because she had not been brought to trial five years after her indictment.  She had made multiple speedy trial motions in the state court which had been denied.  Nevertheless, the Second Circuit denied the petition for failure to exhaust.  It held that state law, though clearly operating in an imperfect manner, did offer the petitioner two potential remedies – go to trial, preserve the speedy trial issue, and raise it on appeal if convicted; or plead guilty while preserving the speedy trial issue (as New York law allows) and raise it on appeal.

Petitioner is in a better practical position than the Scranton petitioner because if he is ever convicted of the 2009 Charges, he will not serve any additional custodial time on them. The District Attorney, in response to an inquiry from the Court, has stipulated that petitioner must get credit for time served on the 2012 Charges in connection with any sentence imposed on the 2009 Charges, and thus, even if convicted on the 2009 Charges, he will receive a time served sentence: "The Court is correct that, if defendant is convicted of the charges under the three 2009 dockets, then he will not serve any additional time after his sentence on his 2012 convictions is discharged."  The District Attorney has explained that the reason petitioner has not been tried on the 2009 Charges is that, once he is released from custody on the 2012 Charges, a conviction on the 2009 Charges would serve as a vehicle for a new order of protection in favor of Stuckey. Thus, although petitioner vehemently protests his confinement based on the 2009 Charges, his

6

conviction on the 2012 Charges is the primary reason for his detention, and the time he is serving on those charges will eliminate the possibility of additional time for the 2009 Charges, if he is ever convicted. Indeed, if petitioner is seeking a reduction of bail for the 2009 Charges, it is not clear that such reduction would do him any good, as he would still be in custody on the 2012 Charges.

For the same policy reasons behind implying a requirement of exhaustion in §2241 cases, any relief petitioner seeks here is also barred by Younger v. Harris, 401 U.S. 37 (1971), in light of the ongoing nature of the state court criminal proceedings and the important state interests involved. See Scranton.

Finally, to the extent petitioner's claims are based on N.Y. Crim. P. L. §30.30 (the state speedy trial statute), this Court does not presently have, and will never have, the power to review that claim. This Court cannot review violations of state speedy trial law. See Bermudez v. Conway, No. 09 civ. 1515, 2012 WL 3779211, *9 (E.D.N.Y. Aug. 30, 2012) ("To the extent that Petitioner raises speedy trial violations premised on N.Y. Criminal Procedure Law § 30.30, a state statutory protection, his claims are not cognizable on federal habeas review."); Hodges v. Bezio, No. 09 civ. 3402, 2012 WL 607659, *4 (E.D.N.Y. Feb. 24, 2012) ("any alleged violation of New York's statutory speedy trial provision is a state law claim not cognizable on federal habeas review"); Gibriano v. Attorney General, 965 F. Supp. 489, 491-92 (S.D.N.Y. 1997) (same).

## CONCLUSION

The petition for a writ of habeas corpus is denied, and the case is dismissed. Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). Thus, the

7

Court declines to issue a certificate of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444, 82 S.Ct. 917 (1962). The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      April 18, 2013